Filed 11/22/13  T.H. v. Superior Court CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| T.H.,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Real Party in Interest. | No. B251317<br><br>(L.A. Super. Ct. No. CK97410) |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Debra Losnick, Juvenile Court Referee.  Writ granted.

Law Office of Marlene Furth, Danielle Butler Vappie and Diane Nicola for Petitioner.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel, for Real Party in Interest.

No appearance for Respondent.

_____

T.H. (mother), mother of V.M., petitions for extraordinary relief pursuant to California Rules of Court, rule 8.452. Mother contends the dependency court erroneously set a hearing under Welfare and Institutions Code section 366.26[1] (permanency hearing) without first ordering reunification services for mother. Los Angeles County Department of Children and Family Services (the Department) does not oppose mother's petition, acknowledging in a letter of non-opposition that mother's contentions are meritorious. We grant the petition and direct the dependency court to vacate the permanency hearing and conduct a hearing to determine whether mother is entitled to reunification services under section 361.5.

### STATEMENT OF FACTS AND PROCEDURE

V.M., now nine years old, was detained from his mother and placed with S.M. (father) on January 22, 2013, after the Department filed a report describing a number of mental health and behavior problems relating to both mother and V.M. Mother and father had lived together until about five months before the detention. Father moved out because mother's behavior had become concerning. Both father and maternal grandmother suspected that mother had been abusing Vicodin. Father described mother as being "out of touch with reality" and "easily influenced by others." She would stay out overnight and was seen pacing up and down the street until 3 a.m. While mother had been meticulous about her appearance previously, she now had poor personal hygiene and appeared unkempt.

School officials had also noticed problems with both V.M. and mother beginning a few months before the detention. Mother was responsible for taking V.M. to school, but he had issues with tardiness and poor attendance. School officials smelled marijuana on V.M.'s jacket, and he had been seen walking around his apartment complex alone late at night. A couple of months before the detention, mother's car had broken down at the

___

[1] All further statutory references are to the Welfare and Institutions Code.

2

school, and she was observed trying to start her car with a screwdriver instead of a car key and making statements like "the tweakers are behind this." On January 10, 2013, mother was seen peeking through the school fence and hiding behind bushes. She appeared paranoid as she loitered and stalked around the school. Mother was hospitalized that day, but the record does not contain any details about the hospitalization.

Mother was released from the hospital by January 14, 2013. She came to father's home, where the paternal grandmother saw her trying to climb over the wall surrounding the property, calling out V.M.'s name. Father allowed mother to see V.M. through the front gate of the property but did not allow mother to take V.M. with her.

Mother made her first court appearance at the jurisdiction and disposition hearing on March 4, 2013. The dependency court appointed an attorney for mother and continued the hearing. On April 10, 2013, the court sustained allegations under section 300, subdivision (b), placed V.M. with father, and ordered enhancement services[2] and monitored visitation for mother.

The Department was only able to communicate with mother once on April 12, 2013. Mother did not arrange a visitation schedule because she did not believe she needed a monitor for visits with V.M. By July 2013, mother had been evicted from her apartment. The Department reported mother's whereabouts as "unknown" and stated it knew of no efforts by mother to comply with the court-ordered enhancement services. V.M. told the Department several times he did not want to see mother.

On July 6, 2013, father died when he was struck by a pickup truck while riding a bike less than a block away from home. The Department filed a supplemental petition under section 387 on July 12, 2013. The petition advised the dependency court of father's death and recommended that V.M. be placed with his paternal grandmother. The court ordered the requested placement and set a jurisdiction and disposition hearing for

_____

[2] As explained below, enhancement services is a term used to describe services ordered for the parent from whom a child is being removed when the court removes the child from one parent and places the child with the previously noncustodial parent.

August 28, 2013.

On August 28, 2013, the dependency court sustained the supplemental petition as amended.  Mother asked the court to set the matter for a contested disposition so she could have the opportunity to show that she had addressed the issues leading to V.M.'s removal.  Mother also objected to the court setting a permanency hearing as recommended by the Department because she had not received six months of services.  The court stated it did not see a legal basis for granting either request, it had already made a detriment finding as to placing the child with the mother at the original disposition hearing, and if the mother sought a change, she would need to file a petition under section 388.  The court set a permanency hearing for December 12, 2013.  Mother filed the petition for writ of extraordinary relief currently before this court.

## DISCUSSION

Mother contends the dependency court erred when it set the matter for a permanency hearing under section 366.26 without first ordering reunification services.  We agree.

"On appeal, the 'substantial evidence' test is the appropriate standard of review for both the jurisdictional and dispositional findings.  [Citations.]"  (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.)  We resolve all conflicts in support of the determination, examine the record in a light most favorable to the dependency court's findings and conclusions, and indulge all legitimate inferences to uphold the court's order.  (*In re Brison C.* (2000) 81 Cal.App.4th 1373, 1379; *In re Tania S*. (1992) 5 Cal.App.4th 728, 733.

"A section 387 supplemental petition is used to change the placement of a dependent child from the physical custody of a parent to a more restrictive level of court-ordered care.  [Citations.] . . .  A section 387 petition need not allege any new jurisdictional facts, or urge different or additional grounds for dependency because a basis for juvenile court jurisdiction already exists.  [Citations.]  The only fact necessary to

4

modify a previous placement is that the previous disposition has not been effective in protecting the child. [Citations.]" (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161.)

When a child is removed from the custody of one parent and placed in the custody of the other parent, the dependency court has discretion to order family maintenance or reunification services for one or both parents. (§ 361.2, subd. (b)(3).) The court may also order "enhancement services" to the parent not retaining custody. Such services are "'not designed to reunify the child with that parent, but instead to enhance the child's relationship with that parent by requiring that parent to address the issues that brought the child before the court.'" (*In re A.C.* (2008) 169 Cal.App.4th 636, 642, fn. 5.)

When a child is removed from parental custody entirely, section 361.5, subdivision (a) mandates a minimum of 12 months of reunification services for parents of children over four years old, unless the dependency court finds a specified statutory exception applies. (§ 361.5, subd. (a)(1)(A).) The time frame for reunification services under section 361.5, subdivision (a) does not begin until the child is removed from parental custody entirely and the court determines that the parent is entitled to reunification services. (*In re A.C., supra,* 169 Cal.App.4th at p. 645.)

At the initial disposition hearing on April 10, 2013, the dependency court ordered enhancement services for mother. Although the minute order does not reflect the statutory authority for the court's order, it fell within the parameters of section 361.2 because the court was removing V.M from mother and placing him with father.

At a second disposition hearing on August 28, 2013, based on the section 387 petition, the dependency court denied mother's request to set a contested hearing, stating it had already made a detriment finding as to mother. Because the court's disposition removed V.M. from parental custody for the first time in the case, section 361.5 required the court to either order reunification services to mother or find that one of the exceptions in section 361.5, subdivision (b) applied. The court did not consider any evidence or make any findings that mother fell under any of the statutory exceptions in section 361.5, subdivision (b). For that reason, we cannot conclude substantial evidence supported the

court's disposition or its decision to set a permanency hearing without first ordering reunification services for mother.

## DISPOSITION

The petition for extraordinary relief is granted.  On remand, the dependency court is directed to vacate the permanency hearing and to determine whether to order reunification services for mother under section 361.5.  If the court determines that reunification services are required, it shall order up to 12 months of services, notwithstanding the 18-month time frame specified in section 366.22, subdivisions (a) and (b).  Nothing in this order shall be construed as limiting the court's discretion to terminate reunification services in accordance with the law governing dependency proceedings.  This opinion shall become final immediately upon filing.  (Cal. Rules of Court, rule 24(b)(3).)

KRIEGLER, J.

We concur:

TURNER, P. J.

KUMAR, J.[*]

---

[*]     Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.